## HOLLAND v. MINNEHOMA OIL & GAS CO.

No. 28772. April 18, 1939.

George E. Norvell and Woodson E. Norvell, for plaintiff in error.

Crump & Carver, W. P. Z. German, Alvin F. Molony, and Hawley C. Kerr, for defendant in error.

DANNER, J. This case involves a one-man sit-down strike. Though we have carefully noted all the facts of the case, a detailed statement thereof is unnecessary. In material substance the following is the situation. The defendant, a laborer in the oil fields, was unable to agree with his employer, the plaintiff, or with the plaintiff's operating agent, as to the terms of his employment. He thereupon took physical possession of a producing oil well, by removing certain essential wires in the engine equipment and sitting upon the clutch

lever so that others could not resume the operation of the well. He stated that no one other than himself would be allowed to operate the well, and that it would take a court order to remove him. Accordingly, the plaintiff brought the present injunction action for the purpose of removing him and to enjoin him from interfering with the peaceable operation of the well. The trial judge held for the plaintiff, and defendant appeals.

The defendant asserts that in view of the fact that the case involves a dispute between an employer and employee, the trial court was without jurisdiction to issue an injunction, and cites section 10878, O. S. 1931, 40 Okla. St. Ann. sec. 166. In substance that section provides that no agreement between two or more persons concerning an act in furtherance of any trade dispute shall be deemed criminal if such act committed by one person would not be a crime, and forbids issuance of any restraining order or injunction with relation thereto. The section further provides that nothing therein shall be construed to authorize force or violence.

The defendant fails to assert or explain any theory by which the statute may be held applicable to this case. The mere fact that an employer and an employee are involved in the case does not forbid the issuance of an injunction, in the absence of conditions prescribed by the statute. The section itself reveals several reasons why it is not in point, but it is only necessary to observe the provision that nothing in the section shall be construed to authorize force or violence. Giving the statute the construction apparently asked by the defendant would be the authorization of at least force, if not violence, for clearly enough the defendant forcibly took or retained possession of his employer's property, without the slightest legal right. The section itself plainly prescribes that it shall not be so construed as to authorize the conduct of which defendant was guilty. The contention of the defendant in respect to this section of our statute, and the reasoning applicable thereto, are virtually the same as will be treated in the next proposition, concerning the status of sit-down strikers under the National Labor Relations Act.

The defendant next contends that he was justified in thus seizing his employer's property, by virtue of the National Labor Relations Act, 29 U. S. C. A., section 151 et seq. The defendant contends that when the occurrences involved herein took place, a complaint was pending by the plaintiff's employees before the National Labor Relations Board and, further, that by the terms of the proposed contract of employment between him and plaintiff he would have been denied the benefits of the aforesaid act of Congress. We do not agree that the evidence supports the conclusions which defendant has drawn, but, for facility of reasoning, let us assume that the employer had violated the provisions of the National Labor Relations Act. Would it follow that defendant was thereby entitled forcibly to seize and retain possession of his employer's property, and that the employer was compelled to submit thereto? Certainly not.

The Supreme Court of the United States has recently spoken very emphatically and decisively upon this question. The case of Fansteel Metallurgical Corporation v. National Labor Relations Board, 98 Fed.2d 375, was appealed to the Supreme Court and decided in National Labor Relations Board v. Fansteel Metallurgical Corporation, ___ U. S. ___ (not yet published in U. S. Reports), 83 Law Ed. Advance Opinions 469, 59 Sup. Ct. Rep. 490. In that case certain employees were dissatisfied with an admitted violation of the aforesaid act by the employer. In order to force the employer to the terms desired by the employees they staged a sit-down strike in two of the employer's "key buildings," so that the employer had to shut down the factory. The employer discharged the employees, and also obtained an injunction requiring them to surrender the premises. If the employer was entitled to discharge the employees, it naturally would follow that he would be entitled to the injunction. The following is from the opinion of the Supreme Court of the United States on the question of the employer's right to discharge, under those circumstances:

"Nor is it questioned that the seizure and retention of respondent's property were unlawful. It was a high-handed proceeding without a shadow of legal right, it became the subject of denunciation by the state court under the state law, resulting in fines and jail sentence for defiance of the court's order to vacate and in a final decree for respondent as to the complainant in the injunction suit.

"This conduct on the part of the employees manifestly gave good cause for their discharge unless the National Labor Relations Act abrogates the right of the employer to refuse to retain in his employ those who illegally take and hold possession of his property. * * *

"For the unfair labor practices of respondent the act provided a remedy. Interference in the summer and fall of 1936 with the right of self-organization could at once have been the subject of complaint to the board. The same remedy was available to the employees when collective bargaining was refused on February 17, 1937. But, reprehensible as was that conduct of the respondent, there is no ground for saying that it made respondent an outlaw or deprived it of its legal rights to the possession and protection of its property. The employees had the right to strike, but they had no license to commit acts of violence or to seize their employer's plant. We may put on one side the contested questions as to the circumstances and extent of injury to the plant and its contents in the efforts of the men to resist eviction. The seizure and holding of the buildings was itself a wrong apart from any acts of sabotage. But in its legal aspects the ousting of the owner from lawful possession is not essentially different from an assault upon the officers of an employing company, or the seizure and conversion of its goods, or the despoiling of its property or other unlawful acts in order to force compliance with demands. To justify such conduct because of the existence of a labor dispute or of an unfair labor practice would be to put a premium on resort to force instead of legal remedies and to subvert the principles of law and order which lie at the foundation of society.

"As respondent's unfair labor practices afforded no excuse for the seizure and holding of its buildings, respondent had its normal rights of redress. * * *

"This was not the exercise of 'the right to strike' to which the Act referred. It was not a mere quitting of work and statement of grievances in the exercise of pressure recognized as lawful. It was an illegal seizure of the buildings in order to prevent their use by the employer in a lawful manner and thus by acts of force and violence to compel the employer to submit. When the employees resorted to that sort of compulsion they took a position outside the protection of the statute and accepted the risk of the termination of their employment upon grounds aside from the exercise of the legal rights which the statute was designed to conserve."

It is therefore clear that the National Labor Relations Act, 29 U. S. C. A., section 151 et seq., did not justify the defendant in taking physical possession of the employer's property and withholding same from said employer. This disposes of the defendant's second proposition.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., and DAVISON, J., absent.